UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**TAMPA** Division

### CIVIL RIGHTS COMPLAINT FORM

Marcus White 2132493
Polk County Jail

CASE NUMBER: 8:22cv 635 TPB-TGW
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison number, if applicable)

v.

Polk County Sheriff's Office
Haines City Police Dept.
#93824 / Jason Rafael Roldos
Grady Judd

State of Florida
Polk County, FL Prosecutors
Brian Haas / Roger Powell

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).

### ANSWER ALL OF THE FOLLOWING QUESTIONS:

I. PLACE OF PRESENT CONFINEMENT: Polk County Jail
(Indicate the name and location)
Bartow, FL. 33830

II. DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes ( ) No (✓)

[If your answer is YES, after reviewing the exhaustion requirements, answer the following questions]

1

DC 225 (Rev. 1/97)

2002 © American LegalNet, Inc.



EXHAUSTION OF ADMINISTRATIVE REMEDIES: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

    1. Informal Grievance (Form DC3-005)
    2. Formal Grievance (Form DC1-303)
    3. Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A.    Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

    1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes ( ) No ( )

    2. If so, you must attach a copy of the grievance and response to this Complaint form.

    3. Were you denied emergency status? Yes ( ) No ( )

        a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes ( ) No ( )

      b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B.    <u>Informal Grievance</u> (Request for Interview)

    1. Did you submit an informal grievance (Form DC3-005)? Yes ( ) No ( )

    2. If so, you must attach a copy of the grievance and response to this Complaint form.

C.    <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

    1. Did you have a disciplinary hearing concerning this matter? Yes ( ) No ( )

    2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

    3. Did you submit a formal grievance (Form DC1-303)? Yes ( ) No ( )

    4. If so, you must attach a copy of the grievance and response to this Complaint form.

D.    <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

    1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)?
       Yes ( ) No ( )

    2. If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _____ day of _____, 20 _____.

_____
Signature of Plaintiff

III. **DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?** Yes ( ) No (✓)

If your answer is YES, answer the following questions.

A. Is there a grievance procedure at your institution or jail? Yes ( ) No ( )

B. Did you present the facts relating to your Complaint in the grievance procedure? Yes ( ) No ( )

C. If your answer is YES:

1. What steps did you take? _____

_____

2. What were the results? _____

_____

3. To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D. If your answer is NO, explain why not: _____

_____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _____ day of _____, 20 _____.

_____
Signature of Plaintiff

IV. <u>PREVIOUS LAWSUITS</u>:

    A. Have you initiated other lawsuits in <u>state</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

    B. Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

    C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

        1. Parties to previous lawsuit:

        Plaintiff(s): _____

        Defendant(s): _____

        2. Court (if federal court, name the district; if state court, name the county):

        3. Docket Number: _____

        4. Name of judge: _____

        5. Briefly describe the facts and basis of the lawsuit: _____

        6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?):

        7. Approximate filing date: _____

        8. Approximate disposition date: _____

DC 225 (Rev. 1/97)    2002 © American LegalNet, Inc.

D.  Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

_____

_____

_____

_____

V.  PARTIES: In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A.  Name of Plaintiff: Marcus White

    Mailing address: 2390 Bob Phillips Road
    Bartow, FL, 33830

B.  Additional Plaintiffs: _____

_____

In part C of this section, indicate the <u>**full name**</u> of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C.  Defendant: Jason Rafael Roldos / #93824

    Mailing Address: 1891 Jim Keene Blvd
    Winter Haven, FL 33880

    Position: H.I.D.T.A. / Police / Undercover Officer

    Employed at: Haines City Police Dept / Polk County Sheriff's Office

D. Defendant: Grady JUDD
Mailing Address: 1891 Jim Keene BLVD
Winter Haven, FL 33880
Position: POLK COUNTY SHERIFF
Employed at: POLK COUNTY, FLORIDA

E. Defendant: BRIAN HAAS
Mailing Address: 255 N. BROADWAY
Bartow, FL 33830
Position: STATE ATTORNEY
Employed at: POLK COUNTY, FLORIDA

F. Defendant: ROGER POWELL
Mailing Address: 255 N. BROADWAY
Bartow, FL 33830
Position: ASST. STATE ATTORNEY
Employed at: POLK COUNTY, FLORIDA

G. Defendant:
Mailing Address:
Position:
Employed at:

VI. **STATEMENT OF CLAIM**: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

4TH, 5TH, 6TH and 14TH ammendment Rights

VII. **STATEMENT OF FACTS**: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant(s)).

#93824 / Jason Rafael Roldos: Haines City Police Office / H.I.D.TA Polk County Sheriff's Office undercover agent. June 14, 2019, June 19, 2019 and July 8, 2019. 2964 Warfield DR. Bartow, FL. 33830 and 326 4TH ST. Winter Haven, FL. 33881 (Wahneta, FL) Jason Rafael Roldos working as an undercover drug agent allegedly seeking out drug dealers illegally

**Statement of Facts, continued:**

On June 14, June 19, and July 8, 2019 I was arrested for 2 counts of Conspiracy to trafficking Methamphetamines, 2 counts of trafficking methamphetamines, 1 count of Conspiracy to trafficking Heroin, 2 counts of paraphernalia, 2 counts of maintaining a dwelling to sell Narcotics. The Polk County Sheriff's office used Haines City Police officer Jason Rafael Roldos as a credible and reliable undercover agent. Roldos falsified police reports, Tampered with the alleged drugs (methamphetamines) sold to him by my codefendant Ryan E. Severe. Roldos testified falsely under oath at my Adversary Preliminary Hearing in which the courts found probable cause and has detained me based solely on his testimony. Throughout his police report Roldos has made several untrue statements and changed his statements from his police report at my adversary hearing on Sep 13, 2019. On Nov 22, 2021 Roldos was arrested in Orange County, FL. (Orlando) for Sexual Battery of a helpless person and Burglary with Assault. He is pending criminal and internal investigation and has been suspended without pay. Roldos has been Removed from my criminal case and my 6th ammendment rights to confront my witness and accuser. The State of Florida Polk County Prosecution are denying me the right to confront Jason Roldos because hes under criminal/internal investigation.

DC 225 (Rev. 1/97)   2002 © American LegalNet, Inc.

VIII. **RELIEF REQUESTED:** State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

I would like to be compensated monetary for each day I spent incarcerated in Jail from July 8, 2019 to April 14, 2021 and from Sept 18, 2021 until present time. I would like all criminal charges to be dismissed immediately.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this ___9___ day of __March__, 20_22_.

_Marcus White_

(Signatures of all Plaintiffs)

10

DC 225 (Rev. 1/97)

2002 © American LegalNet, Inc.